IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PAUL ROMANO, JR., :
:
    Plaintiff, :
:
v. : Civ. No. 06-573-JJF
:
STAN TAYLOR, VINCE BIANCO, :
JAMES HUTCHINS, WARDEN ROBERT :
GEORGE, DEPUTY WARDEN WILLIAM :
EDEL, COUNSELOR NFN TOLSON, :
NFN WILLIAMS, CLINICAL :
SUPERVISOR REGGIE GILBERT, :
COUNSELOR NFN WASHINGTON, :
SENIOR COUNSELOR NFN HICKS, :
SHIFT COMMANDER LAURA SIKORA, :
MICHEAL RECORDS, STAFF :
LIETENANT NFN MAY, ALAN :
GRINSTEAD, AND ATTORNEY :
GENERAL CARL DANBERG, :
:
    Defendants. :

**MEMORANDUM OPINION**

October 20, 2006
Wilmington, Delaware

Farnan, District Judge

Plaintiff Paul Romano, Jr., an inmate at the Sussex Community Corrections Center/Violation of Probation Center filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and was granted leave to proceed in forma pauperis. (D.I. 4.)

For the reasons discussed below, the Court will dismiss without prejudice the claims against Stan Taylor, Vince Bianco, James Hutchins, Warden Robert George, Deputy Warden William Edel, Shift Commander Laura Sikora, Micheal Records, Staff Lieutenant NFN May, Alan Grinstead, and Attorney General Carl Danberg as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Defendants Counselor NFN Tolson, NFN Williams, Clinical Supervisor Reggie Gilbert, Counselor NFN Washington, and Senior Counselor NFN Hicks.

I.    THE COMPLAINT

Plaintiff alleges that Defendants are not complying with his sentence and that he is being wrongfully held at institutional levels causing his sentence to be extended in violation of his state sentencing order. Although not clear, it appears Plaintiff received a state sentence of two years at Level V, suspended after 14 days to Level III upon successful completion of the Crest program, and 18 months Level III aftercare. Plaintiff

-1-

alleges that he was falsely told his Level III sentence had been revoked, when in fact it was his Level II probation that had been revoked. He also alleges that during the time he should have been in Level III he lost all his personal belongings which would have been prevented had he been released as ordered by the Court.

Plaintiff alleges that he raised the issue with Defendants Counselor NFN Tolson, NFN Williams, Clinical Supervisor Reggie Gilbert, Counselor NFN Washington, and Senior Counselor NFN Hicks to no avail. In essence, Plaintiff alleges that he is being illegally detained and should have been released as ordered by the state court.[1] Plaintiff seeks reimbursement for lost wages, monetary reimbursement for lost personal belongings, return to Level III housing, and remand of the case to the New Castle County Superior Court.

II. **STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the Court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if

---

[1] A prisoner has the right to be released from his sentence, and detention beyond the termination of the sentence may be in violation of the Eighth Amendment. Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989).

the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

Pro se complaints are liberally construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). An action is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). Additionally, a pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

### A.  Habeas Corpus

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of

-3-

habeas corpus. Preiser v. Rodriquez, 411 U.S. 475 (1973). A plaintiff cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 312 U.S. 477, 487 (1994). In this case, Plaintiff has not alleged that his conviction or sentence was reversed or invalidated as provided by Heck. Accordingly, the Court will dismiss Plaintiff's claim to the extent that it is based on the fact or duration of his confinement.

### B. Personal Property/Lost Wages

Plaintiff also seeks recovery of personal property destroyed, not by any of the defendants, but apparently due to the action of a non-party. There is no cause of action under § 1983 if a post-deprivation remedy exists. See Hudson v. Palmer, 468 U.S. 517, 535 (1984); Nicholson v. Carroll, 390 F. Supp. 2d 429, 435 (D. Del. 2005). Plaintiff may file a common law claim in state court for conversion of property. Because Plaintiff can pursue this claim in a state court, there is no cognizable constitutional claim. See Nicholson v. Carroll, 390 F. Supp. 2d at 435. Accordingly, the Court will dismiss Plaintiff's claim for recovery of lost property.

Plaintiff also asks for reimbursement of lost wages totaling $1,000 per week, but the complaint contains no other allegations regarding this claim. Therefore, the Court will dismiss Plaintiff's claim for lost wages.

### C.  Respondeat Superior

Plaintiff names as defendants Commissioner of Corrections Stan Taylor ("Taylor"), Warden Vince Bianco ("Bianco"), Deputy Warden James Hutchins ("Hutchins"), Warden Robert George ("George"), Deputy Warden William Edel ("Edel"), Probation and Parole Supervisor Micheal Records ("Records"), Probation and Parole Director Alan Grinstead ("Grinstead"), and Attorney General Carl Danberg ("Danberg") apparently on the basis of respondeat superior. Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. See Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)).

The complaint contains no allegations against the foregoing supervisory officials. The complaint does not allege that these

-5-

defendants were the "driving force [behind]" Plaintiff's alleged constitutional violations or that they were deliberately indifferent to his plight.

Even construing the complaint in the light most favorable to the Plaintiff, as the Court must do, it is evident that Defendants Taylor, Bianco, Hutchins, George, Edel, Records, Grinstead, and Danberg were named as defendants solely because of their supervisory/administrative positions. Accordingly, the Court will dismiss Plaintiff's claims against these Defendants as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

### D. Personal Involvement

To state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Additionally, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Finally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Plaintiff names as defendants Shift Commander Laura Sikora ("Sikora") and Staff Lieutenant NFN May ("May"). The complaint contains no allegation against these two defendant, and hence fails to allege any personal involvement that rises to the level of a constitutional violation. Therefore, the Court will dismiss Defendants Sikora and May without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

### IV. CONCLUSION

For the reasons discussed above, the Court will dismiss without prejudice the claims against Stan Taylor, Vince Bianco, James Hutchins, Warden Robert George, Deputy Warden William Edel, Shift Commander Laura Sikora, Micheal Records, Staff Lieutenant NFN May, Alan Grinstead, and Attorney General Carl Danberg as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be allowed to proceed against Defendants Counselor NFN Tolson, NFN Williams, Clinical Supervisor Reggie Gilbert, Counselor NFN Washington, and Senior Counselor NFN Hicks. An appropriate order will be entered.